SUMMARY ORDER
Plaintiffs-appellants Margaret E. Loris and Kelli Hibbard, who are Caucasian women, challenge an August 20, 2008 judgment of the District Court granting defendants-appellees’ motion for summary judgment and dismissing with prejudice then-suit alleging unlawful employment discrimination and retaliation under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 (“Title VII”), 42 U.S.C. § 2000e, et seq, and the Connecticut Fair Employment Practices Act, Conn. Gen.Stat. § 46a-60, et seq., negligent hiring, Conn. Gen Stat., 31-51q, 31-51m. Plaintiffs also alleged, under § 1983, a violation of their due process rights. See Loris v. Moore, No. 3:04-cv-1036, 2008 WL 3891730 (D.Conn. Aug. 20, 2008). On appeal, plaintiffs argue that the District Court erred in granting summary judgment to defendants with respect to (1) Loris’s claim for discrimination in violation of Title VII and the Equal Protection Clause based on defendants’ failure to hire her for the position of Subject Area Leader; (2) plaintiffs’ claims for retaliation and discrimination based on their exercise of their right to free speech under the First Amendment; and (3) plaintiffs’ due process claims. Plaintiffs also contend that the District Court erred in holding that they failed to present evidence of discrimi *712 natory or retaliatory animus in their Title VII or First Amendment claims. We assume the parties’ familiarity with the facts and procedural history of the case.
We review the District Court’s grant of summary judgment de novo, construing all facts in favor of the non-moving party. See, e.g., Graves v. Finch Pruyn & Co., 457 F.3d 181, 183 (2d Cir.2006). Summary judgment is warranted only upon a showing “that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed R. Civ. P. 56(c).
We agree with the District Court that Loris failed to establish a genuine issue as to whether defendant’s proffered explanation for its decision to hire another applicant, who was black, for the position of Subject Area Leader was a pretext for unlawful discrimination or retaliation. We have explained that where, as here,
a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer, that discrepancy must bear the entire burden of allowing a reasonable trier of fact to not only conclude the employer’s explanation was pretextual, but that the pretext served to mask unlawful discrimination. In effect, the plaintiffs credentials would have to be so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.
Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 103 (2d Cir.2001) (internal quotation marks omitted); cf. Simms v. Oklahoma, 165 F.3d 1321, 1330 (10th Cir.1999) (“Our role is to prevent unlawful hiring practices, not to act as a ‘super personnel department’ that second guesses employers’ business judgments.”). In the pending case, Loris has failed to adduce any competent evidence of the qualifications of the individual selected for the position of Subject Area Leader. It follows that she cannot demonstrate that her qualifications were “so superior to the credentials of the person selected” as to give rise to an inference of discrimination.
The District Court properly held that plaintiffs did not state a prima facie case for First Amendment discrimination or retaliation because they failed to demonstrate that they engaged in conduct protected by the First Amendment. Specifically, we agree with the District Court’s conclusion that plaintiffs’ filing of administrative grievances and complaints did not amount to speech as “citizens for First Amendment purposes.” Garcetti v. Ceballos, 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006).
Plaintiffs’ due process claims are without merit inasmuch as plaintiffs have failed to demonstrate the existence of a constitutionally protected liberty or property interest. See, e.g., Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (“Property interests ... are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law....”).
Finally, we hold that the District Court did not err in concluding that plaintiffs had not demonstrated that they were subject to adverse employment actions as a result of retaliatory or discriminatory animus. Even assuming that plaintiffs’ allegations make out a prima facie case, plaintiffs failed to provide evidence that could rebut defendants’ asserted non-retaliatory business reasons. See, e.g., Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1181 (2d Cir.1996).
For reasons stated above, the August 20, 2008 judgment of the District Court is *713 AFFIRMED, substantially for the reasons stated by Judge Eginton in his Memorandum of Decision of August 20, 2008. See Loris v. Moore, No. 04-cv-1036, 2008 WL 3891730 (D.Conn. Aug. 20, 2008).